IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHANAN O'NEAL, 896508, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-984-B |
| | ) | |
| STATE OF TEXAS, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Factual Background**

This case was filed as a petition for writ of habeas corpus. The "petition," however, is simply a letter written by a male prisoner named Richard Johnson to the female Petitioner O'Neal. Johnson states that the two can correspond by using habeas corpus forms. He instructs O'Neal to fill out an 11.07 form with Johnson's name and address as the petitioner. He then tells her to file the petition in federal court. Since the habeas petition is on the wrong form, he states the court will return the petition to his address. Johnson apparently attempted this ruse in this case. He has filled out an 11.07 form with O'Neal's name and address and sent it to United States District Court. The "petition" simply states Johnson's interest in becoming better acquainted with O'Neal.

**Findings and Conclusions of the
United States Magistrate Judge**            Page -1-

**II. Discussion**

The petition is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the petition is frivolous or fails to state a claim upon which relief may be granted. A petition is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A petition fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The petition in this case should be dismissed. Although it was filed as a habeas corpus petition, it clearly does not attack any conviction or sentence. The petition was also not signed or filed by the purported Plaintiff. The petition should be dismissed as frivolous.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

**RECOMMENDATION**

The Court recommends that the petition be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed June 16, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE